**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ATCHAFALAYA BASINKEEPER, et al.**              **CIVIL ACTION**

**VERSUS**                                       **CASE NO. 15-6982**

**U.S. ARMY CORPS OF ENGINEERS, et al.**         **SECTION: "G"(1)**

**ORDER**

    In this litigation, Plaintiffs Atchafalaya Basinkeeper, Louisiana Crawfish Producers'
Association-West, and Gulf Restoration Network (collectively "Plaintiffs") allege that Defendants
United States Army Corps of Engineers ("Corps") and Lieutenant General Thomas P. Bostick, in
his official capacity as Chief of Engineers (collectively "Defendants") failed to comply with the
Clean Water Act and the National Environmental Policy Act in re-issuing the expired New Orleans
District General Permit 13 ("NOD-13").[1] Pending before the Court is Defendants' "Motion for
Voluntary Remand and Temporary Stay of This Case."[2] Having reviewed the motion, the
memorandum in support, the memorandum in opposition, the record, and the applicable law, the
Court will grant the motion in part.

**I. Background**

**A.**    ***Factual Background***

    In the First Amended Complaint, Plaintiffs allege that this case is about the Corps' response

---

[1] Rec. Doc. 1 at 1–2.

[2] Rec. Doc. 20.

1

to the expiration of NOD-13 on December 31, 2012.[3] Plaintiffs allege that NOD-13 is a regional

"general permit" for temporary roads and other construction in wetlands in southern Louisiana that

permits the authorization of the filling of wetlands by category of project, without any requirement

of public notice of individual projects or project-specific environmental review pursuant to the

National Environmental Policy Act ("NEPA").[4] Plaintiffs allege that although the Corps must

provide public notice and undertake environmental reviews under the Clean Water Act ("CWA")

and NEPA, when NOD-13 expired in 2012, the Corps continued to authorize projects under the

expired general permit for almost two years, and reissued the NOD-13 without complying with

legal mandates for public participation and environmental review.[5]

**B.**     ***Procedural Background***

Plaintiffs filed the original complaint on December 22, 2015.[6] Plaintiffs filed a First

Amended Complaint on March 11, 2016.[7] Defendants filed the instant motion on May 17,

2016.[8] Plaintiffs filed an opposition on May 31, 2016.[9]

## II. Parties' Arguments

**A.**     ***Defendants' Arguments in Support of Voluntary Remand and a Temporary Stay***

Defendants request a voluntary remand without *vacatur* and a temporary stay of all

---

[3] Rec. Doc. 12 at 1.

[4] *Id.*

[5] *Id.* at 1–2.

[6] Rec. Doc. 1.

[7] Rec. Doc. 12.

[8] Rec. Doc. 20.

[9] Rec. Doc. 30.

proceedings in the case until June 30, 2017 in order for the U.S. Army Corp of Engineers to undertake reevaluation of NOD-13 to determine whether modification, suspension, or revocation of the permit is in the public interest.[10] Defendants aver that the reevaluation is estimated to require approximately twelve months and assert that during the temporary stay of the litigation, they will provide the Court with a status report within 90, 180, and 270 days after the Court grants the motion.[11] Defendants contend that during the reevaluation process, they will: "(1) issue public notice of the re-evaluation of NOD-13 and request public comment; (2) consult with the state and federal agencies that have an interest in NOD-13 and/or that are involved in the application of NOD-13 to specific projects; (3) evaluate all comments received on NOD-13; (4) prepare a revised Environmental Assessment of NOD-13, which will include a Statement of Findings and, if applicable, a review and compliance determination in accordance with the [Clean Water Act] Section 404(b)(1) Guidelines, 40 C.F.R. Pt. 230. Subpt. B; and (5) issue notice of its determination on the re-evaluation of NOD-13."[12] Defendants assert that if the findings of the reevaluation indicate that modification, suspension, or revocation of the NOD-13 is in the public interest, they will take such action.[13] Furthermore, Defendants request that the Court schedule a status conference in July 2017 to decide whether to continue the stay if Defendants have not taken final action by June 30, 2017.[14]

---

[10] Rec. Doc. 20 at 1.

[11] Rec. Doc. 20-1 at 1.

[12] *Id.* at 4–5.

[13] *Id.* at 5.

[14] *Id.* at 1–2.

Defendants assert that it is undisputed that administrative agencies have the inherent power to reconsider their own decisions and the general rule is that an agency has this authority even when there is no express reconsideration authority, provided that reconsideration occurs within a reasonable time after the first decision.[15] Here, Defendants contend that the Clean Water Act's broad grant of authority to the U.S. Army Corps of Engineers to issue Section 404 permits explicitly includes the authority to reevaluate its permit decisions.[16] Citing *Frito-Lay, Inc. v. United States Department of Labor*, a Northern District of Texas case, Defendants assert that an agency may seek remand to reconsider its decision when its action is under review by a federal court.[17] Defendants contend that remand should be refused only if the request is frivolous or made in bad faith.[18] Defendants argue that remand will provide Plaintiffs with another opportunity to submit comments and voice their concerns, and will allow Defendants to consider them in the revised environmental assessment and determine whether it is in the public interest to modify, suspend, or revoke the NOD-13.[19] Defendants also assert that remand may moot several of Plaintiffs' claims.[20] Defendants contend that remand will moot Plaintiffs' claims that they were not provided adequate notice and an opportunity to comment on NOD-13 because Plaintiffs will be given an additional opportunity to do so, and the resulting reevaluation and revised

---

[15] *Id.* at 6 (citing *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.C. Cir. 2008); *Belville Mining Co. v. United States*, 999 F.2d 989, 997 (6th Cir. 1993)).

[16] *Id.* at 6 (citing 33 C.F.R. § 325.7(a)).

[17] *Id.* at 5 (citing 20 F. Supp. 3d 548, 552–53 (N.D. Tex. 2014)).

[18] *Id.* (citing *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1027–28 (Fed. Cir. 2001)).

[19] *Id.* at 6–7.

[20] *Id.* at 7.

environmental assessment may also moot the claims that Defendants failed to undertake the environmental reviews of NOD-13 under the CWA and NEPA.[21]

Defendants also argue that granting remand without *vacatur* will not harm Plaintiffs or the public in general because NOD-13 applies in limited circumstances to projects that have only minor impacts on the environment.[22] Furthermore, Defendants contend that the majority of the projects that have been authorized since NOD-13 was extended in 2014 are located outside the geographical area of concern to Plaintiffs.[23] In addition, Defendants assert that vacating the permits of the permittees could significantly increase the permittees' costs, requiring them to cease construction until they are able to resubmit their projects for approval, and vacating the permits will increase the workload for Defendants' employees who will be working to reevaluate NOD-13 in a compressed timeframe.[24]

Defendants also request a temporary stay of the proceedings, contending that a stay will conserve judicial resources and allow the parties to avoid unnecessary litigation.[25] Furthermore, Defendants assert that reevaluation of NOD-13 is the remedy that Plaintiffs would receive if they were successful on the merits of their First Amended Complaint, because it is only in rare circumstances where remand for agency reconsideration is not the appropriate solution when an agency decision is determined not to be sustainable under the Administrative Procedure Act's

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 7–8.

[25] *Id.* at 8 (citing *Frito-Lay, Inc. v. U.S. Dep't of Labor*, 20 F. Supp. 3d 548, 553 (N.D. Tex. 2014)).

standard of review.[26] In addition, they assert that any changes that may be prompted by the reevaluation will constitute a new agency action, the review of which would be based upon a new administrative record.[27]

**B.    Plaintiffs' Arguments in Opposition to Voluntary Remand and a Temporary Stay**

Plaintiffs assert that stays of litigation are disfavored and the Federal Rules of Civil Procedure provide that the rules should be construed, administered, and employed "to secure the just, speedy, and inexpensive determination of every action and proceeding."[28] Plaintiffs contend that stays are only appropriate when "a case falls within the extraordinary and narrow exception, warranting surrender of the virtually unflagging obligation to exercise jurisdiction."[29] Plaintiffs argue that although Defendants claim that their request is intended to conserve judicial resources, Plaintiffs contend that it is the duty of a district court not to sidestep or delay decision.[30]

Furthermore, Plaintiffs contend that Defendants do not need the Court's permission to reevaluate NOD-13,[31] and, in fact, two of the plaintiffs in this case petitioned Defendants for reconsideration of the permit more than one year ago, a request that Defendants ignored.[32] Plaintiffs argue that Defendants now seek only to delay the litigation.[33] In addition, Plaintiffs

---

[26] *Id.* (citing *Frito-Lay, Inc.*, 20 F. Supp. 3d at 553, 555).

[27] *Id.* (citing *O'Reilly v. U.S. Army Corps. of Eng'rs*, 447 F.3d 225, 238–39 (5th Cir. 2007)).

[28] Rec. Doc. 30 at 1 (citing Fed. R. Civ. P. 1; *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)).

[29] *Id.* at 3 (citing *Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co.*, 214 F.3d 562, 564 (5th Cir. 2000)).

[30] *Id.* at 3 (quoting *Itel Corp. v. M/S Victoria U*, 710 F.2d 199, 202 (5th Cir. 1983)).

[31] *Id.* at 2 (citing *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 541–42 (1970)).

[32] *Id.*

[33] *Id.*

assert that there is no assurance that Defendants will reform or terminate the permit as they only state that they "*may* modify, suspend, or revoke [the general permit]," and they only make this assertion 147 days after being sued.[34]  Plaintiffs contend that Defendants' assertion that remand may moot the claims does not support a stay.[35]  In support, Plaintiffs cite an Eastern District of Louisiana case, *St. Bernard Citizens for Environmental Quality, Inc. v. Chalmette Refining, L.L.C.*, where Plaintiffs assert that the court denied a stay, in part because the defendant had "not demonstrated that some future order from the LDEQ will definitively moot plaintiffs' enforcement claim."[36]

Plaintiffs also assert that a stay of this case would prejudice Plaintiffs because it would allow Defendants to continue to authorize the destruction of wetlands without public notice or environmental analyses that the law requires.[37]  Plaintiffs contend that these actions threaten the Atchafalaya Basin, upon which Plaintiffs' Cajun crawfishermen members rely for their livelihoods.[38]  In addition, Defendants contend that Plaintiffs' members will continue to suffer fear and concern about the general permit's imminent use and impacts.[39]  Plaintiffs assert that a stay would allow Defendants to continue their illegal action because Defendants did not meet the prerequisites to issue a general permit pursuant to the Clean Water Act.[40]

---

[34] *Id.* at 3.

[35] *Id.*

[36] *Id.* at 4 (quoting 348 F. Supp. 2d 765, 768 (E.D. La. 2004)).

[37] *Id.* at 2.

[38] *Id.*

[39] *Id.* at 5–6.

[40] *Id.* at 9.

Plaintiffs assert that a party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic]. . . ."[41] Plaintiffs contend that here, Defendants fail to show any necessity or hardship in going forward with judicial review.[42] Plaintiffs assert that Defendants' suggestion of delay for permittees or increased workload from having to re-permit any of the authorized projects would be the consequence of a decision on the merits, not of proceeding with the litigation.[43] In addition, Plaintiffs contend that Defendants speculate that its permittees may be harmed if they lose this case; however, no permittee has intervened and no evidence has been provided about the status of any of the projects at issue.[44] Plaintiffs also assert that if a regional permit is revoked, a permittee may apply for an individual permit.[45] Furthermore, Plaintiffs contend that Defendants offer no competent support for their assertion that granting remand without *vacatur* of NOD-13 will not harm Plaintiffs or the public in general, and only cite to conclusory assertions that are not supported by data or analysis.[46] Plaintiffs assert that Defendants do not seek a suspension of the permit and offer no cure, or even a deadline for a final decision on reconsideration.[47] Finally, Plaintiffs object to paragraph 3(i) of the Martin Mayer Declaration as inadmissible, asserting that Defendants have not qualified Mayer as an expert

---

[41] *Id.* at 4 (quoting *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984)).

[42] *Id.*

[43] *Id.* at 7.

[44] *Id.* at 8.

[45] *Id.* (citing 33 C.F.R. § 325.7).

[46] *Id.* at 6.

[47] *Id.* at 8.

pursuant to Federal Rule of Evidence 702, nor have Defendants demonstrated that his testimony is based upon sufficient facts or data or the product of reliable principles and methods.[48]

### III. Law and Analysis

#### A.    Legal Standard

"Courts have long recognized the propriety of voluntarily remanding a challenged agency action without judicial consideration of the merits, with or without admission of agency error."[49] "Embedded in an agency's power to make a decision is its power to reconsider that decision."[50] The regulations regarding Section 404 of the Clean Water Act, which provides for the issuance of permits for the discharge of dredged or fill material into the navigable waters at specified disposal sites, expressly provide for a district engineer to reconsider its determination regarding a regional permit.[51] The regulations state that "[t]he district engineer may reevaluate the circumstances and conditions of any permit, including regional permits, [] on his own motion . . . and initiate action to modify, suspend, or revoke a permit as may be made necessary by considerations of the public interest."[52] However, an agency may not reconsider its own decision if doing so would be "arbitrary, capricious, or an abuse of discretion."[53] "[R]econsideration also must occur within a reasonable time after the decision being reconsidered was made, and notice of the agency's intent

---

[48] *Id.* at 6–7.

[49] *Frito-Lay, Inc. v. United States Dep't of Labor*, 20 F. Supp. 3d 548, 552–53 (N.D. Tex. 2014) (citing *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010)). *See also ConocoPhillips Co. v. U.S. Envtl. Prot. Agency*, 612 F.3d 822, 832 (5th Cir. 2010).

[50] *ConocoPhillips Co.*, 612 F.3d at 832.

[51] 33 C.F.R. § 325.7(a).

[52] *Id.*

[53] *Id.* (quoting *Macktal v. Chao*, 286 F.3d 822, 825 (5th Cir. 2002)).

to reconsider must be given to the parties."[54]

**B.    _Analysis_**

Plaintiffs allege that the Corps: (1) did not perform an environmental assessment that meets the requirements of NEPA in reissuing the NOD-13; (2) violated the Clean Water Act by failing to consider whether activities authorized by NOD-13 would cause only minimal adverse environmental effects on the environment; (3) violated the Clean Water Act by extending the NOD-13 because it had already expired; (4) acted arbitrarily and capriciously in concluding, based upon insubstantial evidence, that the category of activities authorized under NOD-13 would cause minimal adverse environmental impacts; and (5) did not provide the required public notice and opportunity for public participation when it reissued NOD-13.[55] Defendants contend that their request for remand is neither frivolous nor made in bad faith and will give Defendants the opportunity to consider and address Plaintiffs' comments and concerns and to reevaluate the NOD-13 and determine whether it is in the public interest to modify, suspend, or revoke NOD-13.[56] Furthermore, they assert that remand will moot Plaintiffs' claim that they were not provided adequate notice and an opportunity to comment on NOD-13, and may moot the claim that Defendants failed to undertake environmental reviews of NOD-13 under the CWA and NEPA.[57] In opposition, Plaintiffs assert that two of the plaintiffs petitioned the Corps for reconsideration of the permit more than a year ago and their request was ignored, and what the Corps seeks now is

---

[54] _Id._

[55] Rec. Doc. 1 at 10–16.

[56] Rec. Doc. 20-1 at 6–7.

[57] _Id._ at 7.

pure delay.[58]

Because the Corps has asserted that it will issue public notice, request public comment, prepare a revised Environmental Assessment of NOD-13, consult with state and federal agencies with an interest in NOD-13 or its application to specific projects, and conduct a re-evaluation of NOD-13, actions that Plaintiffs allege Defendants failed to take when reissuing NOD-13, remand will serve judicial economy and will give Defendants an opportunity to cure any potential mistakes. Furthermore, the Fifth Circuit has held that, except in rare circumstances, as a general rule, when a plaintiff alleges that "an agency decision is not sustainable on the basis of the administrative record, the matter should be remanded to the agency for further consideration."[59] Therefore, even if upon consideration of the merits the Court were to agree with Plaintiffs that the Corps' action was not based upon substantial evidence, the Court would likely remand the case back to the Corps for further evaluation. Accordingly, the Court concludes that the reconsideration is not arbitrary, capricious, or an abuse of discretion.

Next, the Court must consider whether reconsideration will occur within a reasonable time after the decision to be reconsidered has been made.[60] The Corps determined on November 24, 2014 that issuing a time extension and modification of NOD-13 was in the public interest.[61] The request for remand to reconsider its decision comes a year and a half later. In *Frito-Lay, Inc.*, a recent case from the Northern District of Texas, the court examined how courts in various circuits

---

[58] Rec. Doc. 30 at 2.

[59] *O'Reilly v. U.S. Army Corps of Eng'rs,* 477 F.3d 225, 238–39 (5th Cir. 2007) (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh,* 715 F.2d 897, 905 (5th Cir. 1983) (internal quotation marks omitted)).

[60] *ConocoPhillips Co. v. U.S. Envtl. Prot. Agency,* 612 F.3d 822, 832 (5th Cir. 2010).

[61] Rec. Doc. 20-1 at 3–4.

have treated the requirement that the reconsideration occur within a reasonable time, stating that "[t]he only guideline to be gleaned from the cases is that courts analyze the facts of each case in an effort to reach an equitable outcome."[62] Plaintiffs assert that the Corps waited 147 days after being sued before suggesting that it may reevaluate its permit.[63] However, the record reflects that the Corps was not served until January 11, 2016, and pursuant to Federal Rule of Civil Procedure 12(a)(2), Defendants had sixty days to file a responsive pleading. The Court granted Defendants' unopposed motion for an extension of time, and the deadline to respond to the complaint was set for April 8, 2016.[64] Defendants filed the instant motion a little over a month later.[65] Therefore, Plaintiffs' representation that Defendants waited 147 days before filing the instant motion is misleading. Accordingly, the Court concludes that Defendants' request for reconsideration was made within a reasonable time as it was filed shortly after filing their answer.

Defendants also request a temporary stay of litigation until June 30, 2017.[66] Plaintiffs assert that stays are disfavored and a stay in this case would prejudice Plaintiffs' members because the Corps would be permitted to continue authorizing the destruction of wetlands without the public notice or environmental analyses that the law requires.[67] Plaintiffs also assert that nothing precludes the Corps from reconsidering NOD-13 while this judicial review proceeds and the Corps

---

[62] *Frito-Lay, Inc. v. United States Department of Labor*, 20 F. Supp. 3d 548, 552–53 (N.D. Tex. 2014).

[63] Rec. Doc. 30 at 3.

[64] Rec. Doc. 16.

[65] Rec. Doc. 20.

[66] Rec. Doc. 20-1 at 1.

[67] Rec. Doc. 30 at 2–3 (citing *Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co.*, 214 F.3d 562, 564 (5th Cir. 2000)).

has not demonstrated prejudice in proceeding with judicial review.[68] Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them.[69] However, the Court also has the inherent power to stay a matter pending before it in the interest of justice and "economy of time and effort for itself, for counsel and for litigants."[70] For the reasons articulated above, the Court agrees that a stay is appropriate in this case to allow Defendants time to reevaluate the NOD-13. Although Plaintiffs argue that the Corps is not prohibited from reconsidering NOD-13 during judicial review, the simultaneous review before this Court and the Corps will not serve judicial economy.

Defendants assert that they anticipate the reevaluation to take a year; however, the Court concludes that a 90-day stay is more appropriate. Defendants do not admit error in their request for remand, and do not even provide a guarantee that they will take any action by June 30, 2017, instead requesting that the Court schedule a status conference in July 2017 in order for the Court to decide whether to continue the stay if the Corps has not taken final action by that time.[71] The Court will not grant Defendants the opportunity to delay this litigation indefinitely. Accordingly, because Defendants simply request an opportunity to reconsider their decision, and the Court finds this to be in the interest of judicial economy, the Court will grant Defendants' request for a stay, but the stay will be limited to ninety (90) days from the signing of this Order.

---

[68] *Id.* at 7.

[69] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[70] *Dresser v. Ohio Hempery, Inc.*, No. Civ. A. 98-2425, 2004 WL 464895, at *2 (E.D. La. Mar. 8, 2004) (Vance, J.).

[71] Rec. Doc. 20-1 at 2.

## IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendants' "Motion for Voluntary Remand and Temporary Stay of This Case"[72] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the case will be remanded and the litigation will be temporarily stayed for a period of ninety (90) days from the signing of this Order.

**IT IS FURTHER ORDERED** that Defendants are to submit a status report forty-five (45) days from the signing of this Order detailing the actions that they have taken in furtherance of the reevaluation, as well as a status report upon the conclusion of the ninety-day stay.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of June, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Rec. Doc. 20.

14